BLD-361                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1998
_____

MEL M. MARIN,
                                        Appellant

v.

ROBERTA BIROS; THE MERCER COUNTY CONSERVATIVES;
DAVID BIROS; BUTLER TOWNSHIP POLICE; OFFICER MURPHY;
OFFICER NEDLY; OFFICER VENTZEL; SHARPSVILLE BORO
POLICE; MERCER COUNTY SHERIFF, Jointly and Severally

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-11-cv-00884)
District Judge:  Honorable David S. Cercone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2016

Before: KRAUSE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 3, 2016)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Mel Marin, a pro se litigant, appeals the District Court's March 23, 2016 order denying his Motion to Vacate the court's prior order to dismiss his complaint for failure to prosecute. We will summarily affirm. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Marin filed his Complaint on July 6, 2011, seeking redress under purported causes of action for defamation, false light, interference with business, intentional infliction of emotional distress, section 1983 civil rights for violation of Article 4 of the Constitution, and injunctive relief. Marin filed this action while he was "a candidate for Congress in the Western District of Pennsylvania." Compl. at ¶ 1. He had purportedly registered as a candidate in the primary election for the 3rd Congressional District in order to challenge Representative Kathy Dahlkemper for the democratic nomination. Marin contended generally that Roberta Biros and her husband, as private citizens, published an article on the internet that was critical of Marin's qualifications for public office and suggested in a false light that he had committed a serious crime, and then failed to correct the misinformation after having an opportunity to do so. The remaining defendants allegedly either assisted these defendants or failed to take appropriate steps to correct the misinformation that was disseminated about Marin during his unsuccessful candidacy.

The District Court determined that Marin had failed to make timely service of his Complaint and that no extension for additional time under Rule 4(m) had been requested. In addition, the District Court recounted Marin's extensive history with not keeping his address current and observed that (1) every address Marin provided recently was out-of-date and (2) mail sent to Marin at his address of record consistently had been returned undelivered with a label indicating the address was no longer valid and a forwarding address was not available. Given this state of affairs, the District Court concluded that it could neither direct Marin to attempt to effectuate service of his Complaint nor direct Marin to submit proof of attempted service and thereafter provide the appropriate forms so that the Marshal Service could attempt to effectuate service. By this time, 36 months had passed since commencement of the action.

Accordingly, the District Court considered whether to dismiss this matter for failure to prosecute. The District Judge found that each of the factors it was required to consider weighed against Marin and dismissed the Complaint. Marin filed a Motion to Vacate, in which he appeared to argue, inter alia, that the Postal Service simply refused to deliver some of his mail.[1] The District Court issued an Order denying the Motion to Vacate. Marin now appeals.

II.

---

[1] Marin's statement on appeal includes further focus on "postal sabotage."

We review a district court's denial of a Rule 60(b) motion (i.e., the Motion to Vacate) for abuse of discretion. "An abuse of discretion may be found when 'the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" Reform Party v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (quoting Int'l Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir. 1987) (citations omitted). After careful review of the record, we agree with the District Court's reasoning and thus conclude that the District Court did not abuse its discretion in denying the Motion to Vacate because it had properly dismissed Marin's Complaint for failure to prosecute.

This propriety of the dismissal of Marin's Complaint is evaluated under the rubric of the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984): 1) "the extent of the party's personal responsibility;" 2) "the prejudice to the adversary" caused by the failure to meet scheduling orders and respond to discovery; 3) "a history of dilatoriness;" 4) whether the conduct of the party or the attorney was "willful or in bad faith;" 5) the effectiveness of sanctions other than dismissal; and 6) "the meritoriousness of the claim [or defense]". See also Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (applying the Poulis factors). These factors must be balanced, and not all factors need to be satisfied for the trial court to dismiss a claim. See Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). In determining whether the District Court has abused its

discretion, we examine its balancing of these factors and whether its findings are supported by the record.

Pro se litigants are not excused from being tested under the Poulis factors. First, because Marin is proceeding pro se, he bears full personal responsibility for the litigation. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case."). This means that Marin was, as the District Court correctly observed, personally responsible for supplying the court with an address that would foster direct and timely communication with the court. He obviously failed to do so. Indeed, for long periods of time he failed to file any motion or provide any form of communication in an effort to keep this years-old case from becoming stale on the docket of the court.

Second, we examine prejudice to the defendants. Generally, prejudice includes delays in participating in the case (especially discovery) that can result in the "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Tr. of N.J. Brewery Emps. Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994) (internal quotation marks and citations omitted). In the present case, the defendants were not prejudiced based on this general description because they were completely unaware of the litigation. No discovery was delayed, and there is no record that evidence was lost,

memories faded, or excessive costs were incurred. Thus, this factor weighs against dismissal.

Third, the District Court credibly recited Marin's multi-jurisdictional history of vexatious litigation, dilatoriness, and strategic address-correction techniques, often deliberately used for the purpose of manipulating court deadlines. See W.D. Pa. Case No. 11-00884, Docket No. 6 at n. 1 (detailing litigation efforts by Marin). Fourth, the District Court was entitled to conclude that at least some of these litigation tactics were undertaken in bad faith. Fifth, because Marin is a prodigious pro se litigator and seems in no hurry to pursue this particular case, we agree that, in this instance, a lesser sanction would not be an effective one. See Briscoe, 538 F.3d at 263 (observing monetary sanction would likely have little impact on pro se litigant).

Finally, we consider the merits of Marin's claims. See Bull v. United Parcel Serv., 665 F.3d 68, 82 (3d Cir. 2012). The District Court did not focus the substance of Marin's claims, concluding that they were "more of the same" frivolous claims Marin had brought for vexatious purposes in other litigations. Our review of Marin's rambling Complaint supports this conclusion and makes us question the merits of Marin's claims. The Complaint contains claims for defamation concerning a "propaganda play straight from the playbook of the NAZI Adolf Hitler himself" and a "creeping fascism" used by the "ultra-konservative Klan" against the citizenry. Next, Marin asked for over $31 million in damages for a false light claim based on people "dogging him." Marin's civil rights

6

claim posited that the Mercer County Sheriff's Office, Butler Township Police Department, Hermitage Police Department, and Sharpsboro Police Department conspired to stalk, threaten, and drive him out of town to stop his political campaign in the same way as police treated "candidates who campaigned for public office against Adolph Hitler in 1934 in Germany." Marin also advanced, as an "issue of first impression," a claim for fascism under the Guarantee Clause of Article 4 of the U.S. Constitution. Finally, Marin sought injunctive relief in the form of 500 published corrections by local newspapers in return for the "500 malicious attacks" of the defendants. These claims appear to lack merit, and at the very least weigh somewhat in favor of dismissal.

Dismissal of the complaint is a serious sanction, but the responsibility for prosecuting his allegations rests with Marin, and an unwillingness to prosecute the case leaves a reasonable court with no other choice but to dismiss it. In summary, the clear majority of the Poulis factors (five out of six) weigh in favor of dismissal here, and we therefore find no abuse of discretion in the denial of the Motion to Vacate.

III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.